IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAY FRANK BALL, AIS 224928,   :

    Petitioner,   :

vs.   :   CA 15-0362-KD-C

WARDEN GOURDY,   :

    Respondent.

## REPORT AND RECOMMENDATION

Ray Frank Ball, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72 and General L. R. 72(b)(2)(R) (effective August 1, 2015). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).[1]

## FINDINGS OF FACT

Based on the allegations gleaned from the petition for writ of habeas corpus (Doc. 1), Ball was convicted on a charge of solicitation to commit murder in the Circuit Court of Mobile County, Alabama on August 18, 2005, and was sentenced to life imprisonment (*see id.* at 2). Ball's conviction and sentence were affirmed on appeal, the Alabama Supreme Court finally denying his petition for writ of certiorari on July 14,

---

[1] Based on the contents of this report and recommendation, petitioner's motion to proceed without prepayment of fees and costs (Doc. 3) is **DENIED**.

2006 (*see id.* at 3-4). *See Ball v. State,* 976 So.2d 524 (Ala. Crim. App. Mar. 17, 2006) (table), *reh'g denied,* 978 So.2d 75 (Ala. Crim. App. Apr. 7, 2006) (table), *cert. denied Ex parte Ball,* 992 So.2d 804 (Ala. Jul. 14, 2006) (table).  And while petitioner avers that he collaterally attacked his conviction and sentence in the state courts of Alabama in March of 2006, and that collateral petition was denied on October 18, 2006 by the trial court (*see* Doc. 1, at 4-5), there is nothing in the instant habeas corpus petition which makes reference to any state collateral petition pursued by Ball after this Court dismissed his initial federal habeas corpus petition without prejudice so he could exhaust certain unexhausted claims he asserted in that initial petition (*see* Doc. 1), *see Ball v. Ferrell,* 2007 WL 1839135 (S.D. Ala. Jun. 26, 2007).  Indeed, Ball mentions in the instant habeas petition only the above-referenced Rule 32 petition which was denied on October 18, 2006 (Doc. 1, at 4-5), a date well before his initial habeas corpus petition was dismissed without prejudice, *see Ball v. Ferrell, supra,* and, moreover, suggests that he filed no "second" collateral state petition because he was sick (with pneumonia), the person helping him transferred to another prison, and he lacked legal knowledge or access to a person he could pay to help him (*see* Doc. 1, at 5 & 6).

      Ball filed the instant petition in this Court on July 8, 2015 (Doc. 1, at 13), and therein raises the following claims: (1) ineffective assistance of counsel; (2) denial of the right to a fair trial; (3) the audio recordings and the recording device were not properly authenticated; and (4) his sentence falls outside the Court's jurisdiction (*see id.* at 7-9). More importantly, in asserting that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his habeas corpus petition, Ball claims that he is "actually innocent[]" of the crime for which he was convicted on August 18, 2015, that is, solicitation to commit murder. (*Id.* at 12.)

> I've now served over 13 y[ea]rs in prison for something I just said. No crime was ever committed. Everything that was said was said in a drug induced state and taken out of context. . . . And if [the] police had not stepped in when they did no crime would have taken place.

(*Id.*)

## **CONCLUSIONS OF LAW**

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and, therefore, the timeliness of Ball's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his solicitation to commit murder conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Ball's conviction became final in 2006.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" In *Bond v. Moore*, 309 F.3d 770 (2002) and *Jackson, supra*, the Eleventh Circuit joined the majority of circuits regarding the meaning of subsection (A) and held that the statute of limitations period

contained in 28 U.S.C. § 2244(d) does not begin to run "until the 90-day window during which Appellant could have petitioned the United States Supreme Court for a writ of certiorari expired." 309 F.3d at 771; *see also id.* at 774 ("Appellant was entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 13, 1997."); *Jackson, supra*, 292 F.3d at 1348-1349 & 1349 ("While we have not directly dealt with the issue in the context of a section 2254 petition, we indicated in dicta that, under the AEDPA, a state prisoner may have the benefit of the 90-day window before his conviction is considered final. . . . In the instant case, the Fourth District Court of Appeals of Florida [] affirmed Jackson's conviction on October 17, 1997. Giving Jackson the extra 90 days in which he could have filed for certiorari to the Supreme Court, Jackson's conviction became final at the latest on January 15, 1998."); *see Pugh v. Smith,* 465 F.3d 1295, 1299 (11th Cir. 2006) (AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States."); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until--following a decision by the state court of last resort--'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'"); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in

the United States Supreme Court has expired.  A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari."); *United States v. Torres*, 211 F.3d 836, 839-840 (4th Cir. 2000) ("In § 2244, Congress specifically stated that the one-year limitation period will run from the time that a state judgment becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.' . . . In using this phrase, Congress offered two dates from which its one-year limitation period can begin running: (1) at the conclusion of direct review or (2) at the expiration of time in which further direct review could have been sought, but was not.  Congress, therefore, expressly provided an alternative starting date for its limitation period in the circumstance where a state defendant fails to seek further direct review of his conviction. The language Congress used, 'by the conclusion of direct review or the expiration of the time for seeking such review,' expands the period of time before the start of the limitation period for filing a habeas petition beyond the date that marks the conclusion of direct review of that judgment."); *Bowen v. Roe,* 188 F.3d 1157, 1158-1159 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Under the facts of this case, this Court need add the ninety days contemplated by Supreme Court Rule 13.1 since petitioner appealed his case to Alabama's court of last resort on his direct appeal as of right. The Alabama Supreme Court denied Ball's petition for writ of certiorari on July 14, 2006. *See Ex parte Ball, supra.* Ninety days added to this date

renders a beginning date for petitioner's statute of limitations of October 12, 2006. Thus, Ball's limitations period commenced on October 12, 2006 and expired on October 12, 2007, *see Guenther, supra*, 173 F.3d at 1331, a few months shy of eight (8) years before he filed the instant § 2254 application.

Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because—by his own admission (*see* Doc. 1, at 4-5)—he did not file any additional state collateral attacks on his conviction and sentence after his first Rule 32 petition was denied on October 18, 2006 and this Court dismissed his initial habeas corpus petition without prejudice on June 26, 2007 (that is, during the relevant limitations period), *see Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.)

("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crime—solicitation to commit murder—for which he was convicted by a jury of his peers on August 18, 2005.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:  "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision

8

need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to

9

> communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 651-652, 130 S.Ct. at 2564. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker,* ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

Ball makes no argument that he is entitled to equitable tolling of the one-year limitations period, and since "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013),[2] the undersigned is left with considering petitioner's argument that ADEPA's one-year limitations period is inapplicable because he is actually innocent of the crime for which he was convicted (Doc. 1, at 12). In making this argument, petitioner complains about being in prison for "something [he] just said" when "[n]o crime was ever committed." (*Id.*) In *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court specifically held that "actual [factual] innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id*. (emphasis supplied). "'[A] petitioner does not meet the

---

[2] Ball nowhere establishes that he pursued his rights diligently or that any extraordinary circumstances stood in his way and prevented him from filing a timely federal habeas corpus petition.

threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*., quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Here, of course, Ball makes no actual innocence argument because he has offered no new evidence establishing his actual (factual) innocence of solicitation to commit murder. Indeed, petitioner's complaints that "no crime" was committed and that he was convicted for things he merely "said" in a drug-induced state are specious inasmuch as it is clear under Alabama law that "the crime is the communication to another to commit a crime; no resulting action is necessary by the person being solicited." *Kimbrough v. State,* 544 So.2d 177, 179 (Ala. Crim. App. 1989) (citations omitted). Thus, it is clear that petitioner cannot take advantage of the actual innocence gateway recognized in *McQuiggin.*

In short, the undersigned concludes that nothing other than Ball's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period, nor has he established his actual innocence of the offense for which he was convicted by a jury of his peers. Thus, the undersigned simply recommends that this Court find Ball's federal habeas petition decidedly time-barred. *Cf. Justo v. Culliver*, 317 Fed.Appx. 878, 881 (11th Cir. Aug. 21, 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").[3]

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *Jackson, supra*, 292 F.3d at 1349, within the context of Rule 4, *Johnson v. Chase*, 2006 WL 2949442, *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Ball should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at

12

1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Ray Frank Ball's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

13

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this the 10th day of August, 2015.

                    s/WILLIAM E. CASSADY
                    **UNITED STATES MAGISTRATE JUDGE**